## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JEANNE SAUNDERS, as Successor Trustee**
**of the Thomas F. O'Connor Revocable Trust,**
**U/A/D January 14, 1998,**

      **Plaintiff,**

**v.**                              **Case No.  8:11-cv-1741-T-30AEP**

**ERNIE C. LISCH, as Special Fiduciary of**
**the Thomas F. O'Connor Revocable Trust**
**U/A/D January 1998, and BENJAMIN F.**
**EDWARDS & CO.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Ernie C. Lisch's Motion to Dismiss Complaint (Dkt. #8) and Plaintiff's Response (Dkt. #14).  Having reviewed the pleadings and the argument of the parties, the Court concludes that the Motion to Dismiss should be granted.

Defendant Ernie C. Lisch (Lisch) is the special fiduciary for the 1998 revocable trust of Thomas F. O'Connor (the 1998 trust).  He was appointed by the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, in case number 2011-GA-1361-NC.  Plaintiff Jeanne Saunders (Saunders) claims to be successor to Thomas O'Connor as trustee of that same revocable trust.  At present, neither party has a copy of the trust document.  Defendant Benjamin F. Edwards & Co. (Edwards) is a financial services firm

holding an account for the 1998 trust.  In her Complaint, Saunders seeks to reestablish the trust, be named trustee, discharge Lisch, and have Edwards respond to her directions concerning the account.

This Court does not have the benefit of the pleadings contained in the above referenced state lawsuit, but it appears to be brought by Ashley Butler as guardian of Thomas O'Connor's wife, Claudine O'Connor, against Saunders and others to recover assets on behalf of Claudine O'Connor.  The Court concludes Saunders is a party to that suit only in her individual capacity because in paragraph 17 of her Complaint, she asserts that she is not a party "as Trustee of the 1998 Trust."

The state case was removed to this Court and given case number 8:11-cv-1273-T-33MAP.  Upon motion to remand, District Judge Virginia Hernandez Covington remanded the action to state court.  This Court takes judicial notice of the background facts of that action contained in Judge Covington's remand Order (Dkt. #49 - case #8:11-cv-1273-T-33-MAP):

> Plaintiff M. Ashley Butler, Ph.D., filed suit in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, on May 27, 2011, as court-appointed guardian of Claudine B. O'Connor. (Doc. # 2). Butler states that Mrs. O'Connor and Thomas F. O'Connor executed a prenuptial agreement on January 15, 1998, expressing their desire that their property remain separate. (Id. at ¶ 11). At that time Claudine O'Connor listed assets totaling $17,704,000, and Thomas O'Connor listed assets totaling $1,100,000. (Id.) The O'Connors reaffirmed their prenuptial agreement on August 22, 2002. (Id. at ¶ 15).
>
> The O'Connors each executed and amended multiple revocable trusts at various times before and during their marriage. Butler alleges that, subsequent to the execution of two individual trusts on August 3, 2005,

Claudine O'Connor's assets were improperly transferred to Thomas O'Connor, to members of his family and/or to members of the Saunders family. (Id. at ¶ 20, 24, 31, 38). Butler asserts that she has been unable to locate between $6,000,000 and $7,000,000 worth of Claudine O'Connor's assets. (Id. at ¶ 24, 30). Thomas O'Connor's assets, in contrast, appear to have increased. (Id. at ¶ 32). In particular, Thomas O'Connor's 1998 trust contains substantially more assets than he owned at the time of the marriage. (Id. at ¶ 32). Butler states that she does not have a copy of the 1998 trust instrument. (Id. at ¶ 13).

A copy of Thomas O'Connor's 2008 trust instrument is attached to the Complaint. Mr. O'Connor served as trustee, and Jeanne Saunders is named successor trustee. (Id. at ¶ 23, 34). George Saunders is named trust protector with Scolaro as successor trust protector and Mullarney subsequent successor trust protector. (Id. at ¶ 35-37). The Scolaro Law Firm, which served as counsel for Jeanne and George Saunders, has the authority to select successor trust protectors. (Id. at ¶ 19, 36).

Butler states that "[a]fter an investigation as to financial exploitation by Thomas as to Claudine and by Defendants, Jeanne and George, as to Thomas, the Department of Children and Family Services filed petitions for incapacity and for the appointment of plenary guardians for Claudine and Thomas." (Id. at ¶ 15). On April 15, 2011, the state court determined Claudine to be incapacitated and appointed Butler as plenary guardian of her person and property. (Id. at ¶ 28). On May 23, 2011, the state court determined Thomas to be incapacitated and ruled that Lisch should be appointed plenary guardian of his property. (Id. at ¶ 29). With the determination of his incapacity, Thomas O'Connor no longer serves as trustee. (Id. at ¶ 33).

Butler alleges that Claudine O'Connor was unduly influenced in making transfers of assets to Thomas O'Connor, the O'Connor family and the Saunders family, that she lacked capacity, or that the transfers were made without her authorization. (Id. at ¶ 38). She seeks a declaratory judgment with regard to Thomas O'Connor's 1998 trust (Count One). She also seeks suspension of Jeanne Saunders's duties as trustee, appointment of Lisch as special fiduciary and Jeanne Saunders's removal as trustee of the 2008 trust (Count Two). Finally, she seeks a temporary and/or permanent injunction against the Saunderses, Scolaro, the Scolaro Law Firm and Michael Mullarney from transferring or dissipating trust assets (Count Three).

Footnotes omitted.

Saunders seeks to have this Court entertain her claim to be the appropriate trustee of the 1998 trust, presumably without regard to any consideration of the claims of undue influence or fraud raised, not by Lisch, but by Butler, in the existing state court lawsuit. But those issues may well be intertwined with a determination of who should serve as trustee, and those issues are presently before the state court.

By virtue of the existing state court order, Lisch presently has custody of the trust assets held by Defendant Edwards. Where assets are already under the supervision and control of a state court, a federal court should abstain from interfering. This is often called the probate exception to federal jurisdiction.

This exception applies to probate and domestic relation matters, including most guardianship proceedings. The Seventh Circuit opinion in *Struck v. Cook County Public Guardian*, 508 F.3d 858, 859-860 (2007) is instructive:

> Typical adversary proceedings involving domestic relations or probate, such as child-custody proceedings and proceedings to resolve disputes over the administration of a decedent's estate (or as in this case and in *Jones* [*Jones v. Brennan*, 465 F.3d 304 (7th Cir. 2006)] the estate of a living person who is incompetent to manage his affairs), are, like the nonadversary probate and domestic-relations proceedings, still *in rem* in character. That is, they are fights over a property or a person in the court's control. And a court other than the one that controls the *res*-the subject of the custody battle or the property in the decedent's estate-should not be permitted to elbow its way into such a fight. As the Supreme Court explained in *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (citation omitted), "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate

court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."

\* \* \*

This case is different.  The *res*-the plaintiff's mother-is in the control of the guardian appointed by the state court, and decisions concerning the plaintiff's right of access to his mother and to her assets, her records, and her mail are at the heart of the guardian's responsibilities and are supervised by the court that appointed him.  Unlike the plaintiff in *Jones*, our plaintiff is seeking to remove into the federal court the *res* over which a state court is exercising control.  That is the sort of maneuver that the probate/domestic-relations exception is intended to prevent.

Plaintiff argues that the state court action is not in probate court but in the Circuit Court and therefore the probate exception should not apply.  That argument misses the point.  First, the "probate court" is merely a division of the Circuit Court, not a separate court.  Second, the real issue is whether a state court has already exercised supervision and control of the person or assets in dispute.

Here, the assets of the guardianship, including the trust assets, are under the current supervision and control of the pending state court action.  Butler is asserting a claim over those same assets and the state court must determine the rights of the parties as between Claudine O'Connor and Thomas O'Connor and also between Claudine O'Connor and Saunders.  Therefore, since the state court has present supervision and control over the assets of Thomas O'Connor and the 1998 trust, this Court concludes that it should abstain from exercising jurisdiction over those same assets, including the determination of who should rightfully serve as trustee of the 1998 trust.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Ernie C. Lisch's Motion to Dismiss Complaint (Dkt. #8) is GRANTED.

2.      The Complaint is DISMISSED without prejudice as to the claims being brought in state court.

3.      The Clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2011\11-cv-1741.mtd 8.frm